IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Banter David Brooks and, ) | Case No: 11-81071 |
| Norma Jean Parrish aka Norma Jean Brooks,) | Chapter 13 |
| ) | |
| Debtors. ) | |

OBJECTION TO DEBTORS' PROPOSED CHAPTER 13 PLAN AND
REQUEST FOR HEARING

NOW COMES Vanderbilt Mortgage and Finance, Inc. (hereinafter "Vanderbilt"), pursuant to 11 U.S.C. § 1322(b)(2), 1325, et. seq., Bankruptcy Rules 3012, 3015, 9014, and the Local Rules of this Court, objecting to the proposed Plan of Banter David Brooks and Norma Jean Parrish aka Norma Jean Brooks (hereinafter "Debtors"), and objecting to the confirmation of the Debtors' proposed Plan, on the basis that it violates the anti-modification provisions of 11 U.S.C. § 1322(b)(2). Vanderbilt respectfully requests a hearing on the confirmation of the Debtors' proposed Plan and, alternatively a hearing valuation of its collateral, and respectfully shows unto the Court the following:

PARTIES AND JURISDICTION

1.  Vanderbilt is a Tennessee corporation, organized and operating under the laws of the United States of America and engaged in the general mortgage and finance business in the state of North Carolina, with its main office location in Maryville, Tennessee. Vanderbilt is a creditor in the Debtors' Chapter 13 proceeding.

2.  Upon information and belief, the Debtors are citizens and residents of Orange County, North Carolina and filed their petition on June 30, 2011.

3.  The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 (a), and 157(a). This proceeding is a "core proceeding" pursuant to 28 U.S.C. § 157(b).

FACTUAL ALLEGATIONS

4.  In the spring of 2001, the Debtor, Banter Brooks, made an application for a residential mortgage loan. At the time of the Debtor's residential mortgage loan application, upon information and belief, the Debtor was the owner of the real property located at 3501

Brooks Road, Hillsborough, North Carolina. Situated on the real property, as a permanent improvement, is a 1973 Manufactured Home.

5. On or about March 29, 2001, the Debtors executed and delivered to Popular Financial Services, LLC a Balloon Note (hereinafter "the Note"). Pursuant to the Security Agreement, the Debtors granted to Popular Financial Services, LLC, (Vanderbilt's predecessor in interest), a security interest in the 1973 Manufactured Home and real property located at 3501 Brooks Road, Hillsborough, North Carolina. The 1973 Manufactured Home and real property located at 3501 Brooks Road, Hillsborough, North Carolina are collectively hereinafter referred to as "the Real Property". A true and accurate copy of the Note is appended hereto, identified as "Exhibit A".

6. As is indicated on the Note, as collateral for the loan, and the Debtors granted a security interest to Popular Financial Services, LLC in the Real Property as described in a Deed of Trust as recorded on April 3, 2001, at Book 2230 and Page 212 of the Orange County, North Carolina Registry. A copy of that Deed of Trust is attached hereto as "Exhibit B" and incorporated herein by reference.

7. Upon information and belief, the Real Property constitutes the Debtors' principal residence.

8. Vanderbilt has filed a Proof of Claim in the Debtors' case for $86,321.66, a copy of which is appended as "Exhibit C". Vanderbilt's filed proof of Claim seeks a fully secured claim in this proceeding, based upon its perfected lien on the Real Property.

9. The Debtors' proposed Plan seeks to bifurcate Vanderbilt's claim on the Debtors' residential Real Property as partially secured and partially unsecured, upon information and belief, based upon the assertion that the debt to Vanderbilt does not fall within the anti-modification provisions of 11 USC 1322(b)(2).

10. The Chapter 13 petition and the proposed Plan of the Debtors states that the combined fair market value of the Debtors' residential Real Property which secure the Debtors' indebtedness under the Security Agreement and Deed of Trust is $22,848.00. Pursuant to the proposed Chapter 13 Plan, the Debtors have moved the court to value Vanderbilt's secured claim on the Residential Real Property at a total not to exceed $22,848.00.

11. Upon information and belief, the current fair market value of the residential Real Property is significantly greater than the value provided by the Debtors in their proposed Chapter 13 Plan.

12. Vanderbilt respectfully alleges that its Note and Deed of Trust are secured by the Debtors' residential Real Property, and as such, Vanderbilt's claim may not be modified pursuant to 11 USC 1322(b)(2).

13. Alternatively, in the event that this Court should rule that the debt to Vanderbilt is not subject to the anti-modification provisions of 11 USC § 1322(b)(2), Vanderbilt is informed and believes that the fair market value of its collateral is significantly great than the Debtors' valuation. When the Debtor Banter Brooks made his application for a residential home loan in 2001, the collateral appraised for $110,000.00. A true copy of the 2001 appraisal of the Debtors' real property is attached hereto, as "Exhibit D".

14. The Debtors' proposed Plan does not comply with the provisions of 11 U.S.C. § 1325.

WHEREFORE, Vanderbilt prays the Court:

1. That the Court deny confirmation of the Debtors' Chapter 13 Plan as proposed.

2. That alternatively, the Court approve a Chapter Plan which provides that Vanderbilt's claim is a fully secured claim in accordance with 11 U.S.C. § 1322(b)(2).

3. Alternatively, for a hearing on the valuation of the subject Residential Real Property which secures Vanderbilt's claim, pursuant to 11 U.S.C. §§ 506(a).

4. For such other relief as to this Court deems just and proper.

This the 26th day of September 2011.

FLETCHER & RHOTON, P.A.
Attorneys for Vanderbilt Mortgage and Finance, Inc.

/s/ John W. Fletcher III
State Bar No. 15503
316 East Worthington Avenue
Charlotte, N.C. 28203
Telephone (704) 334-3400
Direct: (704)-909-5652
JFletcher@fletcherrhoton.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| Banter David Brooks and, ) | Case No: 11-81071 |
| Norma Jean Parrish aka Norma Jean Brooks,) | Chapter 13 |
| ) | |
| Debtors. ) | |

CERTIFICATE OF SERVICE

The undersigned, as attorney of record for Vanderbilt Mortgage and Finance, Inc., does hereby certify that a copy of the attached Objection to Proposed Order for Confirmation of Debtors' Chapter 13 Plan and Request for Hearing to Determine Secured Status was served on the following individuals by depositing the same, enclosed in a postage prepaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

Banter David Brooks                                    Debtor
Norma Jean Parrish aka Norma Jean Brooks               Debtor
3501 Brooks Road
Hillsborough, NC 27278

John T. Orcutt                                         Attorney for Debtors
6616-203 Six Forks Road
Raleigh, NC 27615

Richard M. Hutson, II                                  Chapter 13 Trustee
P.O. Box 3613
Durham, NC 27702

This the 26th day of September 2011.

FLETCHER & RHOTON, P.A.
Attorneys for Vanderbilt Mortgage and Finance, Inc.

/s/ John W. Fletcher III
State Bar No. 15503
316 East Worthington Avenue
Charlotte, N.C. 28203
Telephone (704) 334-3400
Direct: (704)-909-5652
JFletcher@fletcherrhoton.com